**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CAROLE ANNE SMITH,**

               **Plaintiff,**           **8:12-cv-1087**
                                                            **(GLS/TWD)**

               v.

**UNITED STATES DEPT. OF**
**HOMELAND SECURITY**
**(TRANSPORTATION SECURITY**
**ADMINISTRATION) et al.,**

               **Defendants.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Carole Anne Smith
Pro Se
72 Balsam Street
Lake Placid, NY 12946

**FOR THE DEFENDANTS:**
HON. RICHARD S. HARTUNIAN     KAREN FOLSTER
United States Attorney                   LESPERANCE
James T. Foley U.S. Courthouse      Assistant U.S. Attorney
445 Broadway, Room 218
Albany, NY 12207-2924

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Carole Anne Smith commenced this action against defendants[1] United States Department of Homeland Security (Transportation Security Administration (TSA)) and Janet Napolitano, Secretary, alleging, among other claims, violations of the Americans with Disabilities Act (ADA).[2] (*See generally* Am. Compl., Dkt. No. 11 at 1-6.) Given Smith's *pro se* status, the court liberally construes her amended complaint as also asserting a claim under the Rehabilitation Act,[3] despite her inartful pleading. Pending is defendants' pre-answer motion for partial dismissal of Smith's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).[4] (Dkt. No. 22.) For the reasons that follow, defendants' motion is granted.

## II. Background

---

[1] The caption of Smith's amended complaint is difficult to decipher. Giving her pleading the most liberal interpretation, the court has determined that the caption lists two defendants: (1) United States Department of Homeland Security (Transportation Security Administration); and (2) Janet Napolitano, Secretary. (Am. Compl. ¶ 3.b, Dkt. No. 11 at 1-6.) The Clerk is directed to substitute Jeh Johnson, Secretary of Homeland Security, for defendant Janet Napolitano, and amend the caption accordingly. *See* Fed. R. Civ. P. 25(d).

[2] *See* 42 U.S.C. §§ 12101-12213.

[3] *See* 29 U.S.C. §§ 701-796*l*.

[4] Smith also asserts claims for discrimination and retaliation under Title VII of the Civil Rights Act. S*ee* 42 U.S.C. §§ 2000e-2000e-17. Because defendants do not seek to dismiss those claims here, the court does not consider them.

A. <u>Facts</u>[5]

In 2008 and 2009, Smith worked at the Albany International Airport, screening passengers and baggage at security checkpoints. (Am. Compl. ¶¶ 10, 13, 19-20.) During this time, Smith was "constantly harassed and actually threatened" by two coworkers who created a "very hostile and scary work environment." (*Id.* ¶ 26.a, c.) Some of this harassment was due to her religious beliefs as a Wiccan. (*Id.* ¶¶ 14, 16.) Further, in June 2009, Smith claims that she was the victim of disability discrimination after she suffered an ankle injury at work. (*Id.* ¶¶ 24-25.) On September 10, 2009, Smith filed charges with the Equal Employment Opportunity Commission, which found that Smith failed to prove that she was subjected to discrimination as alleged and issued Smith a right-to-sue letter on April 20, 2012. (*Id.* ¶¶ 27-28; Dkt. No. 11 at 7-11.)

B. <u>Procedural History</u>

Smith commenced this action on July 9, 2012. (*See generally* Compl., Dkt. No. 1.) On November 13, 2012, upon an initial review pursuant to 28 U.S.C. § 1915(e)(2), Magistrate Judge Thérèse Wiley

---

[5] The facts are drawn from Smith's amended complaint and presented in the light most favorable to her.

Dancks recommended that Smith's complaint be dismissed with leave to amend her Title VII and ADA claims if she could, in good faith, allege that she had exhausted her administrative remedies and been issued a right-to-sue letter. (Dkt. No. 5.) The court adopted Judge Dancks' Order and Report-Recommendation, and granted Smith leave to amend her complaint. (Dkt. No. 9.) Consistent with the court's order, Smith filed an amended complaint on March 1, 2013 alleging claims pursuant to Title VII and the ADA. (*See generally* Am. Compl.) Defendants filed the now-pending motion, seeking dismissal of Smith's ADA claim, and, to the extent that the court may be inclined to interpret Smith's ADA claim as a claim under the Rehabilitation Act, dismissal of that claim as well. (*See generally* Dkt. No. 22.)

### III. Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its prior opinion in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

### IV. Discussion

**A. ADA Claim**

First, defendants point out that Smith's claim under the ADA is barred because the ADA does not apply to federal employees. (Dkt. No. 22, Attach. 1 at 3); *see* 42 U.S.C. § 12111(5)(B)(i). Instead, "[i]n the Second Circuit, Section 501 of the Rehabilitation Act provides the exclusive route by which federal employees may raise claims of employment discrimination on the basis of disability." *Carby v. Holder*, No. 11 Civ. 5775, 2013 WL 3481722, at *8 n.9 (S.D.N.Y. July 10, 2013) (citing *Rivera v. Heyman*, 157 F.3d 101, 104 (2d Cir. 1998)). Thus, the court will construe Smith's *pro se* amended complaint as alleging a claim under the Rehabilitation Act. *See Hodges v. Holder*, 547 F. App'x 6, 7 n.1 (2d Cir. 2013).

## B. Rehabilitation Act

Defendants next argue that, even if it is construed as a claim under the Rehabilitation Act, Smith's claim that she was discriminated against on the basis of her disability is barred because the Aviation and Transportation Security Act (ATSA) preempts application of the Rehabilitation Act to Transportation Security Officers. (Dkt. No. 22, Attach. 1 at 4-7.) Smith's response reiterates the allegations in her complaint and states that she was unaware "of different laws for Federal agencies." (Dkt. No. 30 at 1.) The court agrees with defendants that dismissal of Smith's

5

claims alleging discrimination based on disability is required.

"The ATSA broadly expand[ed] the government's control over, and active role in, aviation security through the creation of the TSA." *Conyers v. Rossides*, 558 F.3d 137, 139 (2d Cir. 2009) (internal quotation marks and citations omitted). The TSA is headed by an Administrator who is required to "provide for the screening of all passengers and property . . . that will be carried aboard a passenger aircraft operated by an air carrier or foreign air carrier in air transportation or intrastate air transportation." 49 U.S.C. § 44901(a).[6] "[I]n order to ensure that Federal screeners are able to provide the best security possible," the Administrator was given "wide latitude to determine the terms of employment of screeners." H.R. Rep. No. 107-296, at 64 (2001) (Conf. Rep.), *reprinted in* 2002 U.S.C.C.A.N. 589, 600. The ATSA provides that "notwithstanding any other provision of law, the [Administrator] may employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of

---

[6] Pursuant to section 101 of the ATSA, 49 U.S.C. § 114 was added to establish the TSA as an administration of the United States Department of Transportation (DOT). However, pursuant to the Department of Homeland Security Reorganization Plan, as required by Section 1502 of the Department of Homeland Security Act of 2002, Pub. L. No. 107–296, 116 Stat. 2135 (2002), the TSA was transferred from the DOT to the Department of Homeland Security, effective March 1, 2003. In addition, "the title of the head of the TSA was changed from 'Under Secretary,' as the post is referred to in the ATSA, to 'Administrator.'" *Conyers*, 558 F.3d at 139 n.1 (citations omitted).

employment of Federal service for such a number of [screener personnel] necessary to carry out the screening functions [required by the Act]." Pub. L. 107-71, § 111(d), 115 Stat. 597 (2001) (codified as a note to 49 U.S.C. § 44935). In addition, the ATSA enumerates specific physical qualifications for screeners, requires that screeners meet any such other physical qualifications as the TSA Administrator may establish, and requires the TSA to conduct annual evaluations to ensure conformity with such qualifications. *See* 49 U.S.C. § 44935(e)-(f).

Because of the "notwithstanding clause" and the physical requirements for screeners, every circuit court that has addressed this issue has agreed that security screeners are precluded from bringing suit under the Rehabilitation Act. *See Field v. Napolitano*, 663 F.3d 505, 510-14 (1st Cir. 2011); *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011); *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1337 (11th Cir. 2006). This is consistent with the Second Circuit's interpretation of the "notwithstanding clause" in the context of the Veterans Employment Opportunities Act (VEOA). *See Conyers*, 558 F.3d at 149 (holding that the preference provisions of the VEOA are not binding on the Administrator in light of section 111(d) of the ATSA). Given the express language of the

7

statute itself, the court concludes that the ATSA preempts Rehabilitation Act claims by airport security screeners, such as Smith. (Am. Compl. ¶¶ 10, 13, 19-20); see 49 U.S.C. § 44901(a), (g)(5). Accordingly, defendants' partial motion to dismiss is granted.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' partial motion to dismiss (Dkt. No. 22) is **GRANTED**, and Smith's claims pursuant to the ADA and the Rehabilitation Act are **DISMISSED**, leaving only a claim pursuant to Title VII of the Civil Rights Act of 1964; and it is further

**ORDERED** that the parties contact Magistrate Judge Thérèse Wiley Dancks to schedule further proceedings in this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

April 28, 2015
Albany, New York

*[Signature]*
Gary L. Sharpe
Chief Judge
U.S. District Court